UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARSHALL JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 3:07-cv-2-RLY-WGH |
| | ) |
| DR. ALEX PLATZ, | ) |
| RITA ETIENNE, R.N., and | ) |
| SUPERINTENDENT GILBERT PETERS, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON PENDING MOTIONS

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on various pending motions. The Magistrate Judge, being duly advised, now enters the following orders:

1. With respect to "Plaintiff's Motion to Court Order" (Docket No. 166), which the Magistrate Judge construes as a motion for protective order, the motion is **GRANTED, in part,** and **DENIED, in part.** The Plaintiff is ordered to answer Interrogatory Nos. 3 and 4 based upon his personal knowledge and the information which he has in his possession at this time. The answers shall be produced within twenty (20) days of the date of this Order. However, the Plaintiff's motion is also **GRANTED, in part,** in that the Plaintiff will be entitled to file supplemental and final answers to those interrogatories after the completion of all discovery. Those answers shall be supplemented not later than thirty (30) days after the date of completion of all discovery.

2. With respect to "Plaintiff's Motion" for subpoenas and summonses (Docket No. 170), pursuant to Federal Rule of Civil Procedure 45(a)(3), the Clerk of Court is directed to issue two blank subpoenas to the Plaintiff which shall be signed by the Clerk of Court. Service of the subpoenas shall be at the expense of the Plaintiff. If the Plaintiff wishes to obtain further subpoenas or summonses, he must file an additional motion establishing, with specificity, why particular subpoenas or summonses are necessary in this case. Therefore, this motion is **GRANTED, in part,** and **DENIED, in part.**

3. With respect to "Defendants Alex Platz and Rita Etienne's Motion to Compel Discovery Responses" (Docket No. 172), the motion is **GRANTED.** The Magistrate Judge concludes that the requests as stated are not improper. Although *responses* to interrogatories or requests for admissions may not simply refer to documents generically, such requests are proper. The Plaintiff shall respond to those interrogatories and requests for admissions within twenty (20) days of the date of this Order.

4. With respect to "Plaintiff's Motion for Order Compelling Discovery" (Docket No. 174), the Magistrate Judge concludes that, at this time, the pleadings in this case have not been amended to allow the Plaintiff to bring an equal protection claim. Therefore, this motion to compel is **DENIED** as to paragraphs 1 and 2. Should the court grant leave to amend the Complaint, the Plaintiff will then be granted leave to re-serve additional discovery requests. With respect to paragraph 3 of the Plaintiff's motion, the Magistrate Judge concludes that the

Defendants have provided those items within their control, and they are not required to seek such items from the third-party contractor, Securus. Therefore, the motion to compel paragraph 3 is **DENIED**. With respect to the motion to compel at paragraph 4, the Magistrate Judge concludes that the telephone records requested are relevant and, if telephone records exist, the records from the facility at which the Plaintiff was incarcerated for the years 2006 and 2007 should be provided to the Plaintiff. Therefore, the motion to compel is **GRANTED, in part,** as to paragraph 4(a) for the years 2006 and 2007 for the facility where the Plaintiff was incarcerated.

5. With respect to "Plaintiff's Motion for Default Judgment and Order Compelling Discovery" (Docket No. 175), the request for a default judgment is **DENIED,** as that is an extreme remedy which a court may not impose unless there is a clear record of wilful failures to comply with court orders. In this case, the objections raised by the Defendants are raised in good faith and, in this case, are well-taken. The Magistrate Judge has reviewed the responses with respect to "Policy # 30.05" and has concluded that, while such a policy may be in existence in Illinois, it is not applicable to the Plaintiff's incarceration in a facility within the State of Indiana. Likewise, the objections raised in Nurse Etienne's interrogatories are reasonably taken, and no further answers are required at this time. Therefore, this motion is **DENIED.**

6. With respect to "Plaintiff's Objection and Motion for Order Compelling Discovery" (Docket No. 176), the motion is **GRANTED, in part,** and **DENIED, in**

**part.** If the Defendants have within their possession a "NPO slip" or slips, a copy of the slip(s) shall be provided to the Plaintiff within twenty (20) days of the date of this Order.

7. With respect to "Plaintiff's Motion for Sanctions" (Docket No. 181), the motion is **DENIED.** At this time, the court has not allowed an amendment to the Complaint to raise an equal protection claim. Therefore, a motion for sanctions for not producing these items which relate to that claim is not warranted at this time. Should the court allow an amendment to the Complaint, the Plaintiff will be entitled to issue additional discovery or re-raise this issue in the form of a motion to compel.

8. With respect to "Plaintiff's Motion for Continuance to Respond to Defendant's Motion for Summary Judgment" (Docket No. 188), this motion is **GRANTED.** The parties shall provide discovery responses required by this order within twenty (20) days of the date of this entry. The Plaintiff shall be allowed to and including March 30, 2011, to file a response to "Defendant Gilbert Peters' Motion for Summary Judgment."

9. With respect to "Plaintiff's Correction" (Docket No. 192), which the Magistrate Judge construes as a motion to modify, this motion is **GRANTED** to show that there is a correction to paragraph 5 of the Plaintiff's Brief filed at Docket No. 190.

10. With respect to the "Motion to Withdraw Appearance" filed by Lynne D. Hammer (Docket No. 200), the motion is **GRANTED.**

This Order then leaves for further determination "Defendant Gilbert Peters' Motion for Summary Judgment" (Docket No. 184) and "Plaintiff's Motion for Court to Revisit Request for Leave to Amend and Supplement Complaint" (Docket No. 190). Those items will be addressed by separate entries.

**SO ORDERED.**

Dated: February 11, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Neal F. Bailen
STITES & HARBISON, LLP
nbailen@stites.com

Lynne Denise Hammer
OFFICE OF THE INDIANA ATTORNEY GENERAL
Lynne.Hammer@atg.in.gov

Jeremy Michael Padgett
TYRA LAW FIRM P.C.
jerry.padgett@tyralaw.net

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Kevin C. Tyra
THE TYRA LAW FIRM, P.C.
kevin.tyra@tyralaw.net

Cory Christian Voight
INDIANA OFFICE OF THE ATTORNEY GENERAL
cory.voight@atg.in.gov

**Mail copy to:**

MARSHALL JACKSON
11048
Indianapolis Re-Entry Educational Facility
401 N. Randolph Street
Indianapolis, IN 46201